IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Progressive Northern Insurance Company, | C/A No. 3:21-cv-1348-SAL |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| Savannah Holloway, and Julie A. Hayes, | |
| Defendants. | |

This matter is before the court on Plaintiff Progressive Northern Insurance Company's partial motions for summary judgment, ECF Nos. 28 and 31. For the reasons set forth below, the court **GRANTS** both motions.

## BACKGROUND

**I. Procedural History**

On May 5, 2021, Progressive Northern Insurance Company ("Plaintiff") filed this action against Defendants Julie A. Hayes and Savannah Holloway ("Defendants"). [ECF No. 1]. In its Complaint, Plaintiff seeks a declaratory judgment stating it does not need to provide Defendant Holloway uninsured motorists ("UM") coverage. *Id.* ¶ 27. More than two months later, Defendants filed an Answer to Plaintiff's Complaint including two counterclaims alleging that Defendant Holloway represents an insured person under both policies held by Defendant Hayes and a claim for damages and reasonable attorney's fees pursuant to S.C. Code Ann. § 38-59-40.[1] [ECF No. 10, ¶¶ 25–37].

---

[1] Although Defendants did not explicitly title either of their counterclaims, the court assumes that they seek a declaratory judgment stating that one of Plaintiff's policies with Defendant Hayes entitles Defendant Holloway to coverage related to her automobile accident. *See* [ECF No. 10, p. 7 ("Award such further relief as the Court may deem just and proper, *including an order declaring*

1

Plaintiff filed its first Motion for Partial Summary Judgment as to Policy No. 927378738-001 ("Policy 001") on February 25, 2022. [ECF No. 28]. Less than a week later, Plaintiff filed its second Motion for Partial Summary Judgment as to Policy No. 922675429-002 ("Policy 002"). [ECF No. 31]. Plaintiff then filed a Supplement to its second partial summary judgment motion on March 9, 2022 which included the Named Driver Exclusion Election ("Exclusion Agreement"). [ECF No. 32]. Defendants responded to Plaintiff's first summary judgment motion on March 11, 2022 and then responded to Plaintiff's second partial summary judgment motion four days later. [ECF No. 33]; [ECF No. 34]. Plaintiff filed a Reply addressing Defendants' response to its second summary judgment motion. [ECF No. 35].

All pending motions, therefore, have been fully briefed, heard and are ripe for consideration by this court.

**II. Relevant Undisputed Facts**

Defendant Hayes held two insurance policies issued by Plaintiff—Policy 001, which insured a 2015 Nissan Sentra, 2017 Chevrolet Silverado, and a 2004 Lexus SC 430 Convertible, and Policy 002 which insured a 2006 Hummer SUV. [ECF No. 28-1, pp. 1–3]; [ECF No. 1, ¶¶ 10, 13]; [ECF No. 10, ¶¶ 5, 8]. Defendant Holloway is Defendant Hayes' biological daughter. [ECF No. 10, ¶ 28]; [ECF No. 15, ¶ 6]; [ECF No. 10-1, ¶ 3]. Although related by blood, Defendant Holloway did not live with Defendant Hayes at the time of the accident.[2] *See* [ECF No. 28, p. 3]; [ECF No. 33,

---

that the Plaintiff has a policy of insurance that is applicable to the Defendant Savannah Holloway as it relates to the incident described of September 23, 2019.")].

[2] Whether Defendant Holloway resided with Defendant Hayes remains somewhat unclear. Plaintiff alleged in its Complaint that Defendant Holloway did not reside with Defendant Hayes at the time of the accident. [ECF No. 1, ¶ 20]. Defendants denied this allegation in their Answer and asserted in their counterclaim that the two did in fact live together. [ECF No. 10, ¶¶ 16, 26, 27]. Indeed, Defendant Hayes testified via affidavit that Defendant Holloway lived with her on the date of the accident. *See* [ECF No. 10-1, ¶ 4]. In keeping with its initial allegation, Plaintiff denied these claims in its Answer to the Defendants' counterclaims. [ECF No. 15, ¶¶ 4, 5]. Now, in their

2

p. 1 ("The Defendants . . . respectfully concede to the coverage arguments contained in Plaintiff's Partial Motion for Summary Judgment, ECF No. 28.")].

Policy 001 had effective dates of August 14, 2019 until February 14, 2020. [ECF No. 1, ⁋ 13]; [ECF No. 10, ⁋ 8]. Further, Policy 001 provided UM coverage amounting to $25,000.00 per bodily injury and $50,000.00 per accident. [ECF No. 28-1, pp. 2–3]; [ECF No. 10, ⁋ 8]. Pursuant to Policy 001, Plaintiff agreed to "pay for damages that an **insured person** is legally entitled to recover" in accordance with the UM coverage provisions. [ECF No. 1, ⁋ 16]. Policy 001 defined an "insured person" to include the following four categories of people:

> (a) **you**, a **relative**, or a **rated resident**; (b) any person while operating a **covered auto** with the permission of **you**, a **relative** or a **rated resident**; (c) any person **occupying**, but not operating, a **covered auto**; and (d) any person who is entitled to recover damages covered by this Part III because of **bodily injury** sustained by a person described in a., b., or c. above.

[ECF No. 1, ⁋ 17]; [ECF No. 28-1, pp. 19, 20]. Policy 001 defines a relative as "a person residing in the same household as you, and related to you by blood, marriage or adoption, and includes a ward, stepchild, or foster child. Your unmarried dependent children temporarily away from home will qualify as a relative if they intend to continue to reside in your household." [ECF No. 1, ⁋ 19]; [ECF No. 28-1, p. 11].

No material in the record references the effective dates for Policy 002, however both parties agree that the policy was in effect at the time of the accident at issue in this matter. [ECF No. 10, ⁋ 29]; [ECF No. 15, ⁋ 7]. Although Plaintiff attached a copy of Policy 002 on its second summary judgment motion, the policy itself does not include the amount of UM coverage available to

---

Response to Plaintiff's first summary judgment motion Defendants seemingly admit that Defendant Holloway did not reside with Defendant Hayes due to their concession that liability coverage under Policy 001 does not attach to Holloway. For the purposes of establishing clear facts, the court accepts the consistent allegation of Plaintiff—that Defendant Holloway did not reside with Defendant Hayes at the time of the incident—as true.

eligible claimants. *See generally* [ECF No. 31-1]. However, in its second summary judgment motion Plaintiff claims that Policy 002 provides UM coverage amounting to $100,000.00 per bodily injury. [ECF No. 31, p. 1].

Additionally, Plaintiff and Defendant Hayes executed an Exclusion Agreement for Policy 002 explicitly excluding Sterling Hayes ("Mr. Hayes") from coverage under that policy.[3] [ECF No. 1, ⁋ 11]; [ECF No. 10, ⁋ 6]; [ECF No. 32-1]. Defendant Hayes completed the excluded driver agreement on January 12, 2019. [ECF No. 32-1, p. 3]. The Named Driver Exclusion Election provides the following:

> No coverage is provided for any claim arising from an accident or loss involving a motorized vehicle being operated by an excluded driver. This includes any claim for damages made against any named insured, resident relative, or any other person

---

[3] Defendants argue that the court should not accept this fact as true because "Plaintiff has failed to demonstrate that the Named Driver Exclusion Endorsement is valid and enforceable." [ECF No. 34, p. 3]. Specifically, Defendants argue that Plaintiff failed to comply with Federal Rule of Civil Procedure 56 by not citing to material in the record to support its assertion. *Id.* According to Defendants, this failure to cite to material in the record puts this fact in dispute, and subsequently defeats Plaintiff's whole motion. The court disagrees. Under different circumstances such a failure to comply with Rule 56 could prove fatal to a summary judgment motion. However, Defendants admitted this fact in their Answer. *See* [ECF No. 10, ⁋ 6 (Defendants admit the allegations contained in Paragraph (11) of the Complaint.")]; *accord* [ECF No. 1, ⁋ 11 ("At the time of the incident, Mr. Hayes was an excluded driver under policy number 922675429-002, and therefore, Progressive Denied coverage.")].

Despite their current attempt at disputing this issue, Defendants initial admission renders this issue "conclusively resolved for the purposes of litigation." *Edwards v. CSXT Transp., Inc.*, 338 F.R.D. 590, 594 (E.D.N.C. June 21, 2021) (citing *United States ex rel. Stanley v. Wimbish*, 154 F.2d 773, 774 (4th Cir. 1946)); *see also Mwimanzi v. Wilson*, No. 20-cv-79 (CRC), 2022 WL 683573, at *3 n.3 (D.D.C. March 8, 2022) (citing *United States ex rel. Yesudian v. Howard Univ.*, 153 F.3d 731, 748 (D.C. Cir. 1998)) ("An admission in an answer to a complaint is ordinarily considered binding and can be considered at summary judgment."). Just as Defendants had done on other occasions in their Answer, they could have partially disputed or qualified their admission or denial expressing their disbelief of the validity of the exclusion. They did not, and as such, the court deems this fact admitted.

or organization that is vicariously liable for an accident or loss arising out of the operation of a motorized vehicle by the excluded driver.[4]

*Id.*

On or about September 22, 2019, while riding as a passenger in the 2006 Hummer SUV, Defendant Holloway suffered bodily injury following an accident that caused the vehicle to overturn. [ECF No. 10, ¶¶ 3, 4]. At the time of the accident, Sterling Hayes drove the Hummer. *Id.* Because the excluded driver agreement listed Mr. Hayes as an excluded driver, Plaintiff denied Defendant Holloway coverage. [ECF No. 1, ¶ 11]; [ECF No. 10, ¶ 6]. The parties dispute what, if any, coverage applies to Defendant Holloway. Accordingly, Plaintiff filed its Complaint seeking a declaratory judgment to resolve the parties' dispute.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. American Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party makes this threshold demonstration, the non-moving party may not rest upon mere allegations or denials averred in the pleading, but rather must, by affidavits or other

---

[4] In its motion, Plaintiff provides a different Policy Endorsement. *See* [ECF No. 31, p. 2]. While the language slightly differs, the substance remains the same. However, for clarity's sake, the court notes that it uses the language found in the filed Supplement rather than the language in Plaintiff's motion.

means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56; *see also Celotex Corp.*, 477 U.S. at 323. A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). A litigant is unable to "create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1996).

## ANALYSIS & DISCUSSION

**I. Plaintiff's First Motion for Partial Summary Judgment – Policy 001**

Plaintiff filed its first Motion for Partial Summary Judgment on February 25, 2022, asking the court "to declare [Defendant] Holloway ineligible for UM coverage under [Policy 001]." [ECF No. 28, p. 3]. According to Plaintiff, Policy 001 does not provide coverage to Defendant Holloway "because [she] is neither a named insured, a relative or rated resident." *Id.* As such, Plaintiff argued Defendant Holloway does not meet the criteria of an "insured person" required to receive coverage under the policy.

Defendants filed their Response to Plaintiff's first summary judgment motion two weeks later. Instead of contesting Plaintiff's arguments, Defendants conceded "to the coverage arguments in Plaintiff's Partial Motion for Summary Judgment, ECF No. 28." [ECF No. 33, p. 1]. Further, Defendants explicitly asserted their agreement that "Defendant Holloway is not entitled to

coverage" under Policy 001. *Id.* Given the Defendants' explicit concession, the court **GRANTS** Plaintiff's first summary judgment motion and **DECLARES** that Defendant Holloway is not entitled to UM coverage under Policy 001. *See Dove Air, Inc. v. Fla. Aircraft Sales, LLC*, Civil No. 1:10cv47, 2011 WL 3475972, at *3 (W.D.N.C., Aug. 9, 2011) ("With regard to all of the claims mentioned above, since the Plaintiff has conceded that summary judgment in favor of the Defendants is appropriate, these claims will not be discussed further and summary judgment thereon will be granted.").

**II. Plaintiff's Second Motion for Partial Summary Judgment – Policy 002**

On March 1, 2022, Plaintiff filed its second summary judgment motion asking this court to find that it does not have to provide any coverage, including UM coverage, to Defendant Holloway under Policy 002. [ECF No. 31, p. 5]. Defendants provide four arguments in response contending that summary judgment remains inappropriate: (1) Plaintiff has failed to demonstrate that the Named Driver Exclusion Endorsement is valid and enforceable; (2) A named driver exclusion excludes all forms of coverage for the driver—not otherwise insured individuals; (3) The plain language of the statute section 38-77-340 only allows for the exclusion of liability insurance, not UM coverage; and (4) Plaintiff's Excluded Driver Policy Provision is in opposition to South Carolina statutes and public policy. [ECF No. 34, pp. 3–9].

The court has already addressed Defendants' dispute with the validity of the Exclusion Agreement. *See supra* n.4. Accordingly, the court addresses the remaining three arguments, in turn. As detailed below, the court finds that Plaintiff is entitled to judgment as a matter of law.

**A. The Exclusion Agreement Excludes All Forms of Coverage for Holloway**

Plaintiff argues that the Exclusion Agreement precludes coverage of Defendant Holloway. The relevant Named Driver Exclusion Election provides that

> No coverage is provided *for any claim* arising from an accident or loss involving a motorized vehicle being operated *by an excluded driver*. This includes *any claim for damages* made against any named insured, resident relative, or any other person or organization that is vicariously liable for an accident or loss arising out of the operation of a motorized vehicle *by the excluded driver*.

[ECF No. 32-1, p. 3 (emphasis added)]. The agreement then lists Sterling Hayes as the excluded driver, with an effective date of January 12, 2019.[5] *Id.*

South Carolina law provides that "[a]s a general rule, insurers have the right to limit their liability and to impose conditions on their obligations provided they are not in contravention of public policy or some statutory inhibition." *Nationwide Ins. Co. of Am. v. Knight*, 835 S.E.2d 538, 540 (S.C. Ct. App. 2019) (quoting *Williams v. Gov't Emps. Ins. Co.*, 762 S.E.2d 705, 712 (S.C. 2014)). "An insurance policy is a contract between the insured and the insurance company, and the terms of the policy are to be construed according to contract law." *Knight*, 835 S.E.2d at 540 (quoting *Auto Owners Ins. Co. v. Rollison*, 663 S.E.2d 484, 487 (S.C. 2008)). Accordingly, unambiguous insurance policies "must be construed according to the terms which the parties have used, to be taken and understood in their plain, ordinary and popular sense." *Stringer v. State Farm Mut. Auto. Ins. Co.*, 687 S.E.2d 58, 60 (S.C. Ct. App. 2009).

Under normal circumstances, South Carolina law mandates insurance policies to include liability coverage and UM coverage. S.C. Code Ann. § 38-77-140 (requiring automobile insurance policies to include liability coverage); S.C. Code Ann. § 38-77-150 (requiring insurance policies

---

[5] The court notes that the policy names "Sterlin" Hayes as the excluded driver rather than "Sterling" Hayes. [ECF No. 32-1, p. 3]. Despite this clear spelling mistake, the court recognizes that the excluded driver agreement names Sterling Hayes as an excluded driver.

to include UM coverage). Despite these mandates, South Carolina law also provides that insurers and insureds may agree to exclude coverage when a particular named person operates an automobile. *See* S.C. Code Ann. § 38-77-340. That Section provides:

> Notwithstanding the definition of "insured" in Section 38-77-30, the insure and any named insured must, by the terms of a written amendatory endorsement, the form of which has been approved by the director or his designee, agree that coverage under such a policy of liability insurance shall not apply while the motor vehicle is being operated by a natural person designated by name. the agreement, when signed by the named insured, is binding upon every insured to whom the policy applies and any substitution or renewal of it. However, no natural person may be excluded unless the named insured declares in the agreement that (1) the driver's license of the excluded person has been turned in to the Department of Motor Vehicles or (2) an appropriate policy of liability insurance or other security as may be authorized by law has been properly executed in the name of the person to be excluded.

*Id.* As such, a valid agreement to exclude a person from insurance coverage must (1) use a South Carolina Department of Insurance approved form, (2) name the excluded driver, and (3) the named insured must provide that the excluded person has turned over their driver's license to the South Carolina DMV or secured an alternative and appropriate insurance policy.

The undisputed facts in the record—as alleged by Plaintiff and admitted by Defendants—establish that Defendant Hayes and Plaintiff executed a valid excluded driver agreement. Accordingly, the Court must now interpret the language of that agreement to determine its plain meaning. The agreement provides that "[n]o coverage is provided for ***any claim*** arising from an accident being operated by ***an excluded driver***." [ECF No. 32-1, p. 3 (emphasis added)]. Further, the excluded driver agreement named Sterling Hayes as an excluded driver. This language contains no ambiguity: Plaintiff will not cover any (and all) claims arising from an accident involving the 2006 Hummer SUV if Sterling Hayes drove the vehicle at the time the accident occurred. The undisputed facts clearly show that Mr. Hayes drove the Hummer and caused the wreck that injured

9

Defendant Holloway. Under the plain language of the policy, Plaintiff need not provide Defendant Holloway coverage under Policy 002. Before the court makes this determination final, it must determine whether such an exclusion runs afoul of any South Carolina law or public policy.

### B. South Carolina Law Allows the Exclusion of Uninsured Motorists Coverage for Insured Passengers

To find that the excluded driver agreement precludes any coverage of Defendant Holloway, the court must determine that it does not violate any provision of South Carolina law. Both parties agree that the exclusion of coverage for Mr. Hayes does not present any problem. However, the parties contest whether such an agreement can exclude coverage of an otherwise insured passenger (Defendant Holloway) or just the named excluded driver. Both parties rely on a recent South Carolina Supreme Court opinion to support their positions: *USAA v. Pickens*, 862 S.E.2d 442 (S.C. 2021). *See* [ECF No. 31, p. 4]; [ECF No. 34, p. 5]. Plaintiff argues that the South Carolina Supreme Court held that a valid excluded driver agreement can exclude UM coverage for a passenger. [ECF No. 31, p. 4]. Defendants argue that the *Pickens* holding only applies to named excluded drivers and named insureds but does not apply to otherwise permissive passengers. [ECF No. 34, p. 6]. The court agrees with Plaintiff.

Despite Defendants' attempt to distinguish the South Carolina Supreme Court's holding in *Pickens*, it is a distinction without a difference. In fact, the *Pickens* opinion directly addressed the contested legal issue in this case:

> Pickens argues section 38-77-340 applies only to liability coverage, and any exclusion permitted by the statute excludes coverage in relation to the named driver and not the policyholder. USAA contends section 38-77-340 allows exclusions on **all forms of coverage** under a liability policy, **including UM coverage**. Further, USAA asserts the exclusion voids **all coverage** while the named driver operates the covered vehicle. **We agree with USAA**.

10

*Pickens*, 862 S.E.2d at 444 (emphasis added). To make things clearer, the opinion further provides that

> Where the parties agree to exclude coverage when a named driver is operating a vehicle, that exclusion extends to ***all forms of coverage in the policy***. The exclusion at issue specifically applies to "such insurance as is afforded under this policy," and provides that USAA will not be liable when Simms is operating a vehicle described in the policy. Accordingly, USAA's denial of UM coverage to Pickens ***did not violate section 38-77-340***.

*Id.* at 445 (emphasis added).

At no point in its opinion did the South Carolina Supreme Court limit its holding based on Pickens' status as the named insured under the policy covering the vehicle at issue in that case. In fact, the Court's only discussion of Pickens' status as a named insured cuts against the argument the Defendants make in this case:

> As the circuit court noted, no liability ***would have been afforded to a third party*** had [the named excluded driver] been at fault, and thus, it would violate public policy to allow Pickens to recover UM when she was the person who executed the exclusion yet knowingly allowed [the named excluded driver] to drive her vehicle.

*Id.*

While the South Carolina Supreme Court framed its public policy discussion on Pickens' status as a named insured, it indicated that an otherwise innocent third party could not recover from an accident arising out of the named excluded driver's operation of the covered vehicle in question. This directly conflicts with Defendants' argument that Policy 002 must provide coverage to Defendant Holloway given the fact she was a permissive passenger (an otherwise innocent third party).

In keeping with the South Carolina Supreme Court's holding in *Pickens*, the court determines that the named driver exclusion does not violate South Carolina law, even though it excludes UM

11

coverage.[6] Now, the court must make a final determination whether the Exclusion Agreement violates South Carolina public policy before holding that it voids coverage of Defendant Holloway's claims.

### C.  South Carolina Law and Public Policy Allow for Named Driver Exclusions

The court's last task requires it to determine whether the excluded driver agreement conflicts with South Carolina public policy. Defendants argue that allowing the excluded driver agreement to take effect and bar Defendant Hollow from UM coverage violates "well-established South Carolina public policy, and state statutory law." [ECF No. 34, p. 8]. After a review of relevant, controlling South Carolina law, the court disagrees.

Defendants heavily rely on *Unisun Ins. Co. v. Schmidt*, 529 S.E.2d 280 (S.C. 2000) for the principle that South Carolina public policy dictates that UM coverage exists to protect otherwise innocent third parties. [ECF No. 34, pp. 8–9]. The court does not dispute that South Carolina public policy ensures the protection of innocent third parties by requiring UM coverage. Indeed, in *Schmidt* the South Carolina Supreme Court stated that "[t]he uninsured motorist statute 'is remedial in nature, enacted for the benefit of injured persons, and is to be liberally construed so that the purpose intended may be accomplished.'" *Id.* at 282 (quoting *Gunnels v. Am. Liberty Ins. Co.*, 161 S.E.2d 822, 824 (S.C. 1968)). And as Defendants point out, the Court also stated its disbelief that "the legislature intended an otherwise insured passenger to lose coverage when an unauthorized driver takes the wheel." *Id.* 339 S.C. at 368, 529 S.E.2d at 283.

---

[6] Defendants also argue that section 38-77-340 only allows for the exclusion of liability insurance and not UM coverage. [ECF No. 34, p. 7]. They base this argument on the plain language of the statute. *Id.* However, in light of the South Carolina Supreme Court's clear holding in *Pickens*— that UM coverage can, in fact, be validly excluded under section 38-77-340—the court easily dismisses this argument.

While *Schmidt* seems to cut against Plaintiff's argument, the South Carolina Supreme Court dismissed the reach of *Schmidt's* holding in *Pickens*. In *Pickens*, the Court stated that *Schmidt's* holding was inapposite because it "did not involve an agreed-upon named driver exclusion." *Pickens*, 862 S.E.2d at 445, n.5. In another case, the South Carolina Supreme Court asserted that "[w]hen an insured challenges a policy provision on the ground the provision violates public policy, the Court's authority is limited to determining whether the public policy provision violates a statute." *Nationwide Ins. Co. of Am. V. Knight*, 858 S.E.2d 633, 635 (S.C. 2021). And as the South Carolina Supreme Court decided in *Pickens*, and the court noted above, excluded driver agreements that exclude UM coverage do not violate South Carolina statutes. *See Pickens*, 862 S.E.2d at 445.

Further, South Carolina courts have previously addressed whether section 38-77-340 violates South Carolina public policy. In *Lincoln Gen. Ins. Co. v. Progressive N. Ins. Co.*, the South Carolina Court of Appeals stated that by enacting section 38-77-340, the South Carolina legislature intended named driver endorsements to be a "*part of our state's public policy*[.]" *Lincoln Gen. Ins. Co. v. Progressive N. Ins. Co.*, 753 S.E.2d 437, 441 (S.C. Ct. App. 2013). The Court of Appeals further stated that "the named driver endorsement statute '*is not inhibited by*' the [Motor Vehicle Financial Responsibility Act's] public policy because it constitutes separately approved public policy." *Id.* at 444.

South Carolina courts have consistently found that section 38-77-340 (and its precursors) intends to "alleviate the problem often faced by the owner of a family policy, who has a relatively safe driving record but is forced to pay higher premiums because another member of the family is by definition also included in the policy coverage." *Id.* at 441 (citing *Lovette v. U.S. Fid. & Guar.*

13

*Co.*, 266 S.E. 782, 783 (S.C. 1980)); *see also Pickens*, 862 S.E.2d at 445 (describing the purpose of section 38-77-340 as "providing the named insured the opportunity to pay lower premiums when a bad driver would otherwise be included within the policy and protecting the motoring public by requiring the excluded driver to either surrender his driver's license or be insured under his own policy.").

Because South Carolina law provides for the excluded driver agreements and such agreements represent an expression of the legislature's public policy, the court cannot agree with Defendants that the Exclusion Agreement in this matter violates public policy. Consequently, the court finds that the agreement executed by Plaintiff and Defendant Hayes does not violate South Carolina law or public policy and represents a valid exclusionary agreement. As such, the court **GRANTS** Plaintiff's second summary judgment motion and **DECLARES** that Defendant Holloway is not entitled to coverage under Policy 002.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** both motions for summary judgment, ECF Nos. 28 and 31, and **DECLARES** Defendant Holloway is not entitled to coverage under either Policy 001 or Policy 002. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** accordingly.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

July 20, 2022
Florence, South Carolina